**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NUMBER:** **1:20-CR-76** |
| ) | |
| **CODY M CLEM** ) | |
| ) | |
| **Defendant.** ) | |

## Defendant's Sentencing Memorandum

The Defendant, Cody M. Clem, (hereinafter, "Clem" or "Cody"), by his attorney,

Michelle F. Kraus, and respectfully submits this Sentencing Memorandum.

## Sentence

Mr. Clem agrees that the Presentence Investigation Report, (hereinafter "PSR"),

correctly states his total offense level as 12. (PSR ¶ 27). Clem also agrees that his criminal

history score is 3 and establishes a criminal history category of II, (PSR ¶ 47), with a guideline

range of 12 months to 18 months. (PSR ¶ 74). Since the applicable guideline range is in Zone C

of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment;

or (2) a sentence of imprisonment that includes a term of supervised release with a condition that

substitutes community confinement or home detention, provided that at least one-half of the

minimum sentence is satisfied by imprisonment. (PSR ¶ 74).

**Nature of the Offense**

Clem agrees with the recitation of facts contained in The Offense Conduct in the PSR

paragraphs 9-12. Of note, Clem was cooperative with the ATF when an Agent spoke with him

via telephone, admitting to his attempted purchase of a firearm and confirming certain facts to

the Agent. (PSR ¶ 11). Cody made his initial appearance on October 22, 2021, and was ordered released the same day under terms and conditions of Pretrial Release. [DE 11]. He has remained under that Pretrial Services Supervision since that time and has been compliant with the conditions of release. Admittedly, Cody struggled with some motivation and transportation relative to securing employment. (PSR ¶ 7). However, on July 12, 2023, Cody was able to secure employment with Café Valley Bakery in Marion, Indiana. He is employed as an operator reliever and works 35 to 45 hours per week. His current hourly wage is $19.00. His most current earnings statement is attached as Exhibit B.

**18 U.S.C. § 3553(a)**

Clem has a relatively minimal criminal history. He has three (3) juvenile adjudications and was able to successfully complete programs while on probation or under the jurisdiction of the Court. (PSR ¶¶ 29-33).

As an adult Clem was convicted of Theft in 2010 and place on Probation. While a Revocation Petition was filed, said Petition was ultimately dismissed as court records indicated he successfully completed community service and paid restitution in full. (PSR ¶ 38).

He was charged with and pled guilty to Criminal Mischief as a misdemeanor in 2018. He received a 365 days jail sentence, but that sentence was suspended, and he was placed on Probation. (PSR ¶ 57). Court records indicate he paid all fees and restitution in full and his Probation expired on August 15, 2019. Finally, in the case that relates to the instant federal offense, Clem pled guilty to Residential Entry in October 2020, with the conviction Amended to a Class A Misdemeanor in December 2020. (PSR ¶ 43). Clem again successfully completed his 365-day term of Probation and was discharged on October 15, 2021. (PSR ¶ 43). The 2018 Criminal Mischief, 2019 Invasion of Privacy and 2019 Residential Entry convictions are all

related to his former girlfriend and his conduct while reacting to her being with other men. He acknowledges that he was wrong in acting the way that he did on each occasion. He successfully completed probation for each offense and has since moved on with his life and has had no contact with the former girlfriend and no other criminal conduct related to her.

Mr. Clem has strong ties to his family and continues to reside at his parent's home in Marion. (PSR ¶ 53). His parents, Claude Clem and Catherine Poling, never married, however, they have been together for 40 years. They provided Cody a loving, stable home with support and discipline. (PSR ¶ 55).  He is submitting, with the sentencing memorandum, a video, (Exhibit A), of his family speaking on his behalf. He is a great help to both his parents. His father has blindness impending and has suffered from vision problems for a number of years. Cody has provided transportation to and from the doctor, hospitals and surgery.  His mother suffered a stroke three years ago and indicates that Cody is very helpful with chores around the house and providing her with transportation, as she is fearful to drive longer distances, she notes… "basically, anything we need, he is our go-to." Ms. Poling also states that Cody's daughter, Aliyah (age 4), has helped Cody to understand his responsibility as a parent. (See Ex. A). While Aliyah's mother has primary custodial custody, Cody has regular visitation and daily contact. (PSR ¶ 60). Ms. Poling is hopeful that he can put this present case and bad decision behind him, stating: "hopefully he can get a career…. something that will make a good life for these two and will make us all not have to worry about anything no more."

### Conclusion

Mr. Clem has accepted responsibility for his actions. He has acknowledged his criminal conduct and fully realizes that he may, in no uncertain terms, ever possess a firearm again. Cody has demonstrated an ability to abide by terms and condition of Probation and

Release. He has successfully completed Probation terms in the past. He has been under community supervision in this case for just over two years, and now, having secured gainful employment, is in full compliance. The weight, seriousness and potential federal prison term has garnered Cody's full attention. He wants to remain employed; he wants to continue to be a present and active father to his daughter, and he wants to remain a helpful hand to his parents. An analysis of Section 3553(a) factors in this case reflects that a slight variance of two levels would be appropriate. A two-level reduction places Cody in Zone B of the Guidelines, where Section 5C1.1(c)(3) indicates: *the minimum term may be satisfied by:  a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).* Clem is requesting a sentence of Probation to include an 8-to-14-month Home Detention condition, at the Court's discretion, in lieu of any term of imprisonment.

Respectfully Submitted,

Northern District of Indiana Federal
Federal Community Defenders, Inc.

By:     s/ Michelle F. Kraus
        Michelle F. Kraus
        200 E. Main Street, Suite 905
        Fort Wayne, Indiana 46802
        Phone: (260) 422-9940
        Michelle_Kraus@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that, on <u>10/19/2023</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notifications of such filing to all parties of record.

<u>s/ Michelle F. Kraus</u>